HEARD NOVEMBER TERM, 1875.

McKELVAY *vs.* SOUTH CAROLINA RAILROAD COMPANY.

Where a Trial Justice has jurisdiction of the case, his decision binds the parties until it is set aside in a mode prescribed by law.

A debt due a mechanic for wages is the subject of attachment under § 252 of the Code.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH, 1874.

This was an action by Cuffee McKelvay against the South Carolina Railroad Company to recover $35.37 due the plaintiff for wages as a mechanic.

The defense was that the money had been attached in defendant's hands in an action of Elisha Cannon against plaintiff.

The facts were that Elisha Cannon brought an action against the plaintiff before a Trial Justice, and, under a warrant of attachment issued by him, the debt due by defendant to the plaintiff was attached.

The Trial Justice before whom this action was brought held that the wages of a mechanic could not be attached, and, therefore, that the judgment in the case of Cannon against the plaintiff was void. His decree was for the plaintiff.

The defendant appealed to the Circuit Court, where the judgment of the Trial Justice was affirmed, and the defendant then appealed to this Court, on the ground that, under the law, wages are liable to be attached.

*Porter & Conner*, for appellant.

*Dingle*, contra.

January 17, 1876. The opinion of the Court was delivered by

Moses, C. J. If, according to the opinion of the Trial Justice, the attachment under which the appellant paid the amount claimed by McKelvay was void, then his conclusion of law was well founded. In our view, however, the process issued against the respondent was by a Court having full jurisdiction of the subject matter and of the parties; and if the Trial Justice who decreed against the defendant in the attachment suit below erred either in an issue of fact or of law, his judgment was only voidable and could have been corrected on appeal.

Under Section 251 of General Statutes a writ of attachment may be obtained from a Trial Justice, and the succeeding Section enumerates the cases in which he may exercise the power thus conferred upon him. While his judgment stands it must be considered binding and effectual for the purposes contemplated by it. It may be reversed in the mode prescribed by law, but until then it must operate so as to subject to it the property and interests which it attached. If, as we are to suppose, the Trial Justice proceeded upon the assumption that wages due are not subject to the process which issued against the appellant for the amount alleged to be due by McKelvay to Cannon, and under which they paid it, he was clearly in error. By Section 252 of the General Statutes, the constable to whom the warrant may be directed is required " to attach the real and personal estate of such debtor, including money and bank notes, except such real and personal estate as is exempt from attachment, levy or sale by the Constitution, and to take into his custody all books and accounts, vouchers and papers relating to the property, debts, credits and effects of such debtor." This plainly implies a liability of demands held by him against third persons to the payment of the creditor in attachment. It is in accordance, too, with the custom of London, by reference to which the attachment laws which have heretofore prevailed in this State have always been construed.

The judgment of the Circuit Court sustaining that of the Trial Justice is set aside and the case remanded.

*Willard*, A. J., and *Wright*, A. J., concurred.